UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

YALE LARRY BALCAR *et al.*                                        PLAINTIFFS

v.                                        CIVIL ACTION NO. 3:16-CV-P599-TBR

AARON SMITH *et al.*                                              DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon a motion for a preliminary injunction (DN 8) and a

motion for an extension of time to file a reply (DN 18) by Plaintiffs Yale Larry Balcar and Carl

J. Perry, Jr., convicted prisoners currently incarcerated at Kentucky State Reformatory (KSR).

For the following reasons, Plaintiffs' motion for an extension of time will be granted and their

motion for a preliminary injunction will be denied.

**I. MOTION FOR EXTENSION OF TIME TO FILE A REPLY**

This 42 U.S.C. § 1983 civil rights action was initiated on September 12, 2016.  Although

Plaintiffs have been granted leave to proceed *in forma pauperis*, this action has not yet been

screened pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir.

1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and no Defendant has

been served.

On October 14, 2016, Plaintiffs filed the motion for a preliminary injunction that is now

before the Court.  The Court then ordered Defendants to file a response to the motion within 14

days and for Plaintiffs to file a reply within seven days of service of Defendants' response.

Defendants filed a response on November 17, 2016 (DN 12), and an amended response on

November 18, 2016 (DN 17).  On November 21, 2016, Plaintiffs filed a motion for an extension

of time to file a reply (DN 18) "due to the prison mail system."  Plaintiffs then filed their reply

on November 25, 2016 (DN 19), and a reply to the amended response on December 1, 2016

(DN 22).

Upon review, the Court will grant Plaintiffs' motion for an extension of time to file a

reply and will consider the arguments made in each of the above-mentioned filings in its analysis

of the motion for a preliminary injunction.

## II. SUMMARY OF MOTION FOR A PRELIMINARY INJUNCTION

In their motion for a preliminary injunction, Plaintiffs ask the Court to order KSR

Warden Aaron Smith "to cease his demolition on two dorms at this time and more on a later

date." Plaintiffs state as follows:

> [It has] come to [their] attention that KSR is going to do this demolition at night
> because they do not want to bring in Asbestos Clean Up Teams. KSR has the
> demolition equipment on site and ready to start demolition at any time. Also they
> are digging a big hole at this time to bury the building that is full of asbestos.

Plaintiffs contend that Defendants are violating state and federal law by conducting this

demolition without an "asbestos team for environment safety." Plaintiffs state that they will

suffer irreparable harm to their health if the Court does not grant a preliminary injunction.

Plaintiffs attach to their motion a jointly signed affidavit which avers:

> This case is about the way asbestos and the way KSR want to hide the true. They
> want to tear down the building at night because they do want a team to remove the
> asbestos right. As of the Oct. 11-2016, [KSR is] digging a big hole to put the
> building in. They are ready to start tearing down the building at any time. The
> Plaintiffs has proof of asbestos here at KSR.

(DN 8-1).[1]

In Defendants' response, they argue that Plaintiffs are not entitled to preliminary

injunctive relief. In support of their motion, Defendants attach an affidavit from Mr. Chris

Kleymeyer, the Division Director in the Office of Adult Institutions with Kentucky Department

---

[1]Plaintiffs have also attached a handwritten exhibit (DN 8-2) to their motion which seems to contain information
wholly unrelated to their motion for a preliminary injunction, and, thus, the Court will not consider it.

of Corrections (KDOC)(DN 12-1).  In his affidavit, Mr. Kleymeyer states that KDOC has requested permission to tear down several dormitories at KSR but that, to date, the Commonwealth Kentucky Finance and Administration Cabinet has not granted permission for the dormitories to be demolished.

### A. LEGAL STANDARD

The Court must balance four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emples. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (internal quotation marks omitted).  The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'"  *Michael v. Futhey*, No. 08-3932, 2009 U.S. App. LEXIS 28217, at *93-94 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)).  Nonetheless, it remains that the hallmark of injunctive relief is a likelihood of irreparable harm.  *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22-23 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis added in the original).  Additionally, "a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *see also Winter*, 555 U.S. at 24. Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984).

**B. ANALYSIS**

Based upon the record now before the Court and the aforementioned factors, the Court finds that Plaintiffs' request for preliminary injunctive relief should be denied. At this early stage of the litigation, Plaintiffs have not shown that they are likely to succeed on the merits of their claim with regard to the demolition of buildings at KSR. To succeed on an Eighth Amendment claim, Plaintiffs must show that Defendants were deliberately indifferent to the health or safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). More specifically, for injunctive relief, Plaintiffs "must show that the defendants were, at the time of the suit, 'knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so.'" *Laube v. Haley*, 234 F.Supp. 2d 1227, 1242 (M.D. Ala. 2002) (quoting *Farmer*, 511 U.S. at 846); *see also Boussum v. Scutt*, No. 09-12929, 2010 U.S. Dist. LEXIS 21760 (E.D. Mich. Feb. 16, 2010).

Much of Plaintiffs' replies are devoted to describing their alleged exposure to asbestos at KSR but are unrelated to their specific request for preliminary injunctive relief regarding the demolition of buildings. For example, Plaintiffs write:

> KSR Dorms, Kitchen, and all other buildings [are] full of asbestos . . . floating in the air where [Plaintiffs] and all prisoners can inhale the asbestos. This is routine exposure to asbestos and a genuine health hazard and is deliberately indifference to [Plaintiffs] and all prisoners to asbestos. Medical department is not treating asbestos cases and is not testing for asbestos lung cancer.

Plaintiffs further state that there is "friable asbestos or asbestos dust in the heating duct work, steam pipe, floor, walls . . . and that the Warden and DOC Commissioner know about the free-floating asbestos fibers in the KSR prison environment." Plaintiffs then claim that they both have asthma and other respiratory problems and explain how prolonged exposure to asbestos will cause them cancer. They argue that this information shows that Defendants are violating their Eighth Amendment rights.

All of the above are simply allegations at this juncture. Plaintiffs have produced no evidence which supports the granting of a preliminary injunction. In addition, these allegations are wholly unrelated to Plaintiffs' specific request for injunctive relief – to stop the demolition of certain dormitories at KSR. Other than an affidavit which states their "belief" that KSR is going to demolish certain dormitories at night because it does not want to remove the asbestos in them "right," Plaintiffs have not produced any evidence which establishes that Defendants are "knowingly and unreasonably disregarding an objectively intolerable risk of harm" with regard to the future demolition of these dormitories. In addition, Plaintiffs' statements that they will produce evidence at trial that Defendants are going to violate state and federal law when they demolish these buildings are not sufficient to support the granting of a preliminary injunction.

Moreover, with regard to irreparable harm, Plaintiffs must show that "they will suffer actual and imminent harm rather than harm that is speculative or unsubstantiated" if the injunction does not ensue. *Abney v. Amgen*, 443 F.3d 540, 552 (6th Cir. 2006). Here, Plaintiffs have failed to submit any evidence which shows that they are likely to suffer irreparable injury if the Court does not issue an order preventing certain dormitories at KSR from being demolished. Furthermore, Defendants have submitted an affidavit from a state official stating that although the KDOC has requested permission to tear down several dormitories at KSR, the state has not yet granted KDOC permission for such. Thus, at this juncture, Plaintiffs' claimed irreparable harm is only speculative.

Finally, the third and fourth factors the Court must consider also weigh against granting preliminary injunctive relief. It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890, at *19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for an extension of time to reply to Plaintiff's response to the motion for a preliminary injunction (DN 18) is **GRANTED** and Plaintiffs' motion for a preliminary injunction (DN 8) is **DENIED**.

Date:

cc: Plaintiffs, *pro se*
    Counsel of Record
4413.011

6