# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**YALE LARRY BALCAR** *et al.*                                                                 **PLAINTIFFS**

v.                                                                          **CIVIL ACTION NO. 3:16-CV-P599-TBR**

**AARON SMITH** *et al.*                                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiffs Yale Larry Balcar and Carl J. Perry, Jr., initiated this 42 U.S.C. § 1983 civil rights action.[1] In their complaint, Plaintiffs allege that there is "friable asbestos" and black mold at Kentucky State Reformatory (KSR), where they are incarcerated. They further allege that Defendants Warden Smith and Commissioner Ballard have knowledge of the inmates' exposure to these substances at KSR. Plaintiffs also allege that they suffer from "COPD" and breathing problems and that "Doctor Frederick Kemen and his staff refuse to treat for friable asbestos and black mold to both Plaintiffs."

Before the Court could conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiffs filed a motion for a preliminary injunction (DN 8). The Court denied this motion on December 20, 2016 (DN 25). Plaintiffs then filed a notice of appeal in the Sixth Circuit Court of Appeals (DN 27). As a result of this interlocutory appeal, on January 31, 2017, the Court entered an Order staying the action pending the resolution of Plaintiffs' appeal in the Sixth Circuit (DN 34). The Sixth Circuit dismissed Plaintiff's appeal for want of prosecution on November 2, 2017 (DN 38), and this Court then entered an Order lifting its stay on the action on

---

[1] Plaintiff Balcar filed his original handwritten complaint on his own paper on September 12, 2016 (DN 1). The Court directed Plaintiff Balcar to file his complaint on a 42 U.S.C. § 1983 form. Plaintiff Balcar complied and filed the complaint on the proper form on October 4, 2016 (DNs 1-3 through 1-6). Plaintiff Perry joined as a co-plaintiff in the form complaint.

November 29, 2017 (DN 39).  By separate Order entered this date, the Court conducted its initial review of Plaintiffs' complaint pursuant to § 1915A and allowed the action to proceed.

The Court will now address the motions that Plaintiffs filed both before and during the pendency of the stay.

## I. MOTION FOR PRELIMINARY REVIEW OF THE COMPLAINT (DN 9)

Plaintiffs filed this motion on October 24, 2016, ten days after they filed their motion for a preliminary junction (DN 8).  In this motion, they make arguments similar to the arguments made in their motion for a preliminary injunction, which this Court denied on December 20, 2016 (DN 25).  Moreover, because the Court has now conducted its initial review of Plaintiffs' complaint, this motion is moot.  For all of these reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for preliminary review of the complaint (DN 9) is **DENIED**.

## II. MOTION FOR TRANSPORTATION BY U.S. MARSHAL ONLY (DN 13)

In this motion, Plaintiffs request that they be transported to the preliminary injunction hearing by U.S. Marshals because they fear for their safety if they are transported by KSR officials.  Because the Court has already ruled on Plaintiffs' motion for a preliminary injunction, and no hearing was necessary, **IT IS HEREBY ORDERED** that this motion (DN 13) is **DENIED as moot**.

## III. MOTION TO APPOINT COUNSEL (DN 14)

In this motion, Plaintiffs' request the appointment of counsel.  In their motion, they state that their imprisonment will greatly limit their ability to litigate this action.  They further argue that the issues in this case are complex and will require significant research and investigation, and that they have only limited access to the law library and limited knowledge of the law.

The law does not require the appointment of counsel for indigent plaintiffs in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Indeed, the appointment of counsel in a civil proceeding is not a constitutional right but a privilege that is justified only by exceptional circumstances. *Id. See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado v. Keohane,* 992 F.2d at 606. (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this time. *See Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). Furthermore, based on a review of the documents filed by Plaintiffs thus far, the Court finds their filings relatively clear and straight-forward, which indicates that, at this point, Plaintiffs are capable of representing themselves. Consequently, the Court finds that Plaintiffs have not set forth any "exceptional circumstances" warranting appointment of counsel at this stage. However, nothing in this Order shall preclude Plaintiffs from requesting appointment of counsel at a future point in this action should exceptional circumstances arise to justify such an appointment.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel (DN 14) is **DENIED**.

### IV. MOTION FOR ENTRY OF DEFAULT (DN 20)

In this motion, Plaintiffs seek entry of a default judgment against Defendant Warden Smith for failing to "plead the preliminary injunction or otherwise defend." A default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As noted above, Plaintiffs filed their motion for a preliminary injunction on October 14, 2016. On November 4, 2016, the Court ordered Defendants to respond to the motion within 14 days (DN 11). Because the record reflects that Defendant Warden Smith timely responded to the motion for a preliminary injunction on November 17, 2016 (DN 12), **IT IS HEREBY ORDERED** that this motion (DN 20) is **DENIED**.

### V. MOTION FOR OSHA INSPECTION (DN 28)

Plaintiffs filed this motion on January 4, 2017. In the motion, they request that the Court order "a Inspection Report done by OSHA for evidence of asbestos, friable asbestos, asbestos dust, asbestos contaminated drinking water, asbestos in the ground at KSR and black mold that is contaminated dorms and the unreasonably high concentration of air-borne asbestos particles and the substantial risk of serious harm to all prisoners health."

The Court finds that Plaintiffs' request for an inspection of KSR for mold and asbestos is not appropriate at this time. Defendants have not yet been served and discovery has not yet begun. Accordingly, **IT IS HEREBY ORDERED** that this motion (DN 28) is **DENIED as premature**.

Date:

cc:	Plaintiffs, *pro se*
	Defendants
	Counsel of Record
	General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011