UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| YALE LARRY BALCAR, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | Civil Action No. 3:16-CV-599-CHB |
| v. | ) | |
| AARON SMITH, et al., | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. On September 14, 2018, this Court entered two Orders [R. 55, R. 56). The first Order directed Plaintiffs Yale Larry Balcar and Carl J. Perry, Jr., to each file a response to Defendant Aaron Smith's motion for summary judgment within 30 days of entry of the Order. This Order provided plaintiffs guidance on how to properly respond to a motion for summary judgment under Fed. R. Civ. P. 56 and warned them that either plaintiff's failure to comply with the Order would result in dismissal of the action as to that plaintiff. [R. 55 at 1] In the second Order entered by the Court, the Court directed Plaintiff Balcar to file a non-prisoner application to proceed without prepayment of fees within 30 days of entry of the Order, since he had filed a notice of change of address indicating that he was no longer incarcerated. [R. 56] This Order also warned Plaintiff Balcar that his failure to comply would result in dismissal. The 30-day period to comply with both of the Court's Orders has now passed without a response from either Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because both Plaintiffs have failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that they have abandoned any interest in prosecuting this action. Therefore, the Court will dismiss this action by separate Order.

Date: October 19, 2018

*Claria Horn Boom*

Claria Boom, District Judge
United States District Court

cc: Plaintiffs, *pro se*
    Defendants
    Counsel of Record
A958.011